IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:06-CR-207-FL
NO: 5:08-CV-177-FL

| | |
|---|---|
| MOHAMMED A. AL KOKABANI, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This cause comes before the Court on the Government's Motion for Summary Judgment (DE-90) on Petitioner's motion under 28 U.S.C. § 2255 to vacate, to set aside, or correct a sentence by a person in federal custody ("Motion to Vacate") (DE-76).

On January 22, 2007, Petitioner pleaded guilty to: 1) conspiracy to possess and pass counterfeit United States currency, in violation of 18 U.S.C. § 371; and 2) possession of counterfeit United States currency and aiding and abetting, in violation of 18 U.S.C. §§ 472 and 2 (DE's 65-70). Petitioner was sentenced to concurrent terms of twelve months imprisonment for each offense on April 16, 2007 (DE's 73-74). Petitioner's Motion to Vacate was filed on April 11, 2008 (DE-76). As grounds for error, Petitioner alleges that trial counsel incorrectly informed Petitioner that there would not be adverse immigration

1

consequences if Petitioner was sentenced to a term of imprisonment exceeding twelve months. Furthermore, Petitioner also argues that counsel was ineffective in failing to argue at sentencing that a sentence of less than twelve months would have spared Petitioner immigration consequences.

Respondent filed a motion to dismiss Petitioner's Motion to Vacate on May 27, 2008 (DE-78). During the pendency of the motion to dismiss, Mr. J. Clark Fischer entered a notice of appearance for Petitioner (DE-81). After entering his notice of appearance, Mr. Fischer filed a response on Petitioner's behalf (DE-82). Mr. Fischer has not filed a motion to withdraw his representation of Petitioner. This Court denied Respondent's motion to dismiss on July 22, 2009 (DE-83). However, in that order the Honorable Louise W. Flanagan instructed Respondent to file a motion for summary judgment (DE-83, pg. 4). A motion for summary judgment was filed by Respondent on October 15, 2009 (DE-90). That motion was referred to the undersigned on July 8, 2010.

Despite being represented by counsel, Petitioner has failed to respond to Respondent's motion for summary judgment. "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must-by affidavits or as otherwise provided in this rule-set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e) (2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id.* By failing to respond, Petitioner has failed to set out specific facts showing a genuine issue for trial.

2

Accordingly, Petitioner is ORDERED to file a response to the pending motion for summary judgment no later than July 19, 2010. If no response is filed within that time, the undersigned shall recommend that Respondent's motion for summary judgment be granted. The Clerk of Court is instructed to mail a copy of this order both to Petitioner and Mr. Fischer.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Tuesday, July 13, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE

3