IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO: 5:06-CR-207-FL
NO: 5:08-CV-177-FL

| | |
|---|---|
| MOHAMMED A. AL KOKABANI, ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter, wherein petitioner seeks to vacate his sentence under 28 U.S.C. § 2255 ("motion to vacate") (DE #76), comes now before the court on respondent's motion for summary judgment (DE #90) to which petitioner has responded (DE #93) with reply having been made (DE #94). Disposition of the issues in dispute is aided by thoughtful memorandum and recommendation ("M&R") of the magistrate judge. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb issued M&R recommending that respondent's motion for summary judgment be granted and that petitioner's motion to vacate be dismissed. No objections to the M&R have been filed, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court grants summary judgment in favor of respondent, and dismisses petitioner's motion to vacate.

## BACKGROUND

On January 22, 2007, petitioner pleaded guilty to: 1) conspiracy to possess and pass

counterfeit United States currency, in violation of 18 U.S.C. § 371; and 2) possession of counterfeit United States currency and aiding and abetting, in violation of 18 U.S.C. §§ 472 and 2. Petitioner was sentenced to concurrent terms of twelve (12) months imprisonment for each offense on April 16, 2007.

On April 11, 2008, petitioner filed a motion to vacate, setting forth two allegations of ineffective assistance of counsel. First, petitioner alleges that trial counsel incorrectly informed him that there would be no adverse immigration consequences if petitioner was sentenced to a term of imprisonment of twelve (12) months or less. Because a sentence to a term of imprisonment of twelve (12) months or more subjects petitioner to deportation, petitioner argues that counsel was ineffective for incorrectly informing him of the relevant immigration law. Additionally, petitioner alleges that counsel was ineffective in his argument at sentencing because counsel did not inform the court that a sentence of one day less than twelve (12) months would spare petitioner the adverse immigration consequences he now faces.

On May 27, 2008, respondent filed a motion to dismiss petitioner's motion to vacate. This court denied respondent's motion to dismiss on July 22, 2009; however, in so doing, the court gave leave to respondent to file motion for summary judgment within sixty (60) days thereof, which motion comes now before the court as herein set forth.

## DISCUSSION

A.  Standard of Review

Petitioner has filed a motion to vacate under 28 U.S.C. § 2255, which requires a petitioner asserting constitutional error to prove that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or

2

that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

As grounds for error, petitioner alleges that he received ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, petitioner must satisfy the two-pronged test set forth in Strickland v. Washington. 466 U.S. 668 (1984). First, petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness. Id. at 687-88. This requires showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. The court must be "highly deferential" in reviewing counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Secondly, petitioner must demonstrate that the petitioner was prejudiced by counsel's deficient performance. Id. at 687. To demonstrate prejudice under this second prong of Strickland, the petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage." Murray v. Carrier, 477 U.S. 478, 494 (1986).

The court should only grant relief where the petitioner can show that the "result of the proceeding was fundamentally unfair or unreliable." Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993). In other words, petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A petitioner who has entered a guilty plea faces a heightened burden of showing ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985).

Summary judgment is appropriate when there exists no genuine issue of material fact, and

the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. Celotex Corp. V. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. V. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-moving party. Id. at 255.

Respondent's motion for summary judgment is before the court as noted with benefit of the magistrate judge's analysis. Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Id.

B.     Analysis

Petitioner's sole argument in support of his § 2255 motion is that he received ineffective assistance of counsel, which he asserts on two separate grounds. Petitioner first alleges that his counsel was ineffective in incorrectly informing him that there would not be adverse immigration consequences if he was sentenced to a term of imprisonment of twelve (12) months or less. Petitioner also alleges that his counsel was ineffective because he failed to argue at sentencing that

4

a sentence of less than twelve (12) months would spare petitioner such immigration consequences. Each of petitioner's arguments are addressed in turn.

1. Failure to advise with regard to immigration consequences

Petitioner first argues that counsel was ineffective in improperly advising petitioner as to the immigration consequences of his potential sentence. Petitioner alleges that counsel advised him that there would be no adverse immigration consequences if petitioner was sentenced to a term of imprisonment of twelve (12) months or less. In actuality, a sentence to a term of imprisonment of twelve (12) months or more subjects petitioner to deportation. In other words, petitioner alleges that counsel incorrectly advised him that a sentence of exactly twelve (12) months - the exact sentence which petitioner received on both counts - would not subject petitioner to deportation. Petitioner's trial counsel, Mr. Myron Hill, maintains in his affidavit that he routinely instructs all clients to confer with an immigration attorney when considering the potential consequences of a plea agreement and resulting sentence on their immigration status. Mr. Hill also maintains that in this case, specifically, he informed petitioner that he needed to confer with an immigration attorney to determine what effect a sentence in the range of eight to fourteen (14) months would have on his immigration status.

At issue is whether such alleged failure to correctly advise as to the immigration consequences of a plea agreement and the resulting sentence amounts to ineffective assistance of counsel under the Sixth Amendment. In this case, in order to establish ineffective assistance of counsel under <u>Strickland</u>, petitioner must show first that such failure to advise fell below an objective standard of reasonableness and amounted to deficient performance of counsel, and second that petitioner was prejudiced by counsel's deficient performance. See <u>Strickland</u>, 466 U.S. at 687. If, in construing the facts in the light most favorable to petitioner, there appears no genuine issue of

5

material fact such that respondent is entitled to judgment as a matter of law, summary judgment must be granted in favor of respondent, and petitioner's motion to vacate must be denied. See Fed. R. Civ. P. 56(c).

Under Strickland, petitioner must first establish that counsel's performance was deficient in incorrectly informing petitioner as to the effect of a sentence of exactly twelve (12) months on his immigration status. A valid plea of guilty requires that the defendant be made aware of all of the direct consequences of his plea. Cuthrell v. Director, Patuxent Inst., 475 F.2d 1364, 1365 (4th Cir. 1973). At the time of petitioner's plea agreement and sentencing, potential deportation was deemed a "collateral" consequence. United States v. Yearwood, 863 F.2d 6, 7-8 (4th Cir. 1988). Therefore, under the law as it existed at that time, counsel was not required to inform petitioner as to the potential risk of deportation. Counsel's performance therefore was not deficient under the Strickland analysis. This requirement was changed this year, however, when the Supreme Court held in Padilla v. Kentucky that the "collateral versus direct distinction is . . . ill-suited to evaluating a Strickland claim concerning the specific risk of deportation" and that "counsel must inform her client whether his plea carries a risk of deportation." 130 S. Ct. 1473, 1482 (2010). In other words, failure to inform a client of the potential risk of deportation now constitutes deficient performance of counsel

Petitioner argues that, under the standard announced in Padilla, he received deficient performance of counsel. Respondents argue that the Padilla standard is not applicable to the instant case under the general principle announced in Teague v. Lane, which states that new constitutional rules of criminal procedure, as well as novel applications of old rules, are generally inapplicable to cases that have already become final. 489 U.S. 288, 310 (1989).

The court finds it unnecessary to determine whether Padilla applies retroactively to the instant

6

case. Even assuming *arguendo* that Padilla applies, petitioner's ineffective assistance claim still fails under the second prong of Strickland.

Under that prong, the petitioner, having established that counsel's performance was deficient, must also prove that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Viewing the facts in the light most favorable to petitioner, this prong is not satisfied. Petitioner alleges that counsel advised him there would be no adverse immigration consequences if he was sentenced to a term of imprisonment of twelve (12) months or less.

However, based on both the written Plea Agreement and the Rule 11 colloquy, petitioner knew at the time he entered his guilty plea that he faced a statutory maximum term of imprisonment of up to twenty (20) years for the counterfeiting count and up to five years for the conspiracy count. Petitioner therefore understood that he was risking adverse immigration consequences by pleading guilty, and took the calculated risk to plead guilty despite the possibility of receiving a sentence that he believed would result in deportation. It therefore cannot be said that but for counsel's unprofessional errors, petitioner would not have pled guilty.

For these reasons, the court GRANTS respondent's motion for summary judgment with regard to petitioner's claim that he was improperly advised of the potential immigration consequences of his conviction. Although the court adopts the magistrate judge's recommendation, the court need not take up and consider the magistrate judge's proposed conclusion as to the retroactive effect of Padilla, because respondent is entitled to summary judgment regardless of the effect, if any, of Padilla on the instant case.

    2.    Representation during sentencing

Petitioner also argues that he received ineffective assistance of counsel because his counsel "failed to argue at sentencing that a sentence of one day less than the twelve months that was imposed would have spared [petitioner] . . . the adverse immigration consequences [that petitioner] is facing . . ." (petitioner's motion to vacate, p. 4). The magistrate judge concluded that counsel's representation at sentencing was not ineffective, and the court agrees with that conclusion.

The transcript of the sentencing proceeding demonstrates that counsel did in fact argue for a sentence of less than twelve (12) months. Counsel specifically asked that petitioner be sentenced to eight months. Counsel argued persuasively for such a sentence, presenting all the factors that favored his request. Counsel also specifically mentioned petitioner's immigration status (DE #89, pg. 11), and the court understood that petitioner could be facing deportation based on its sentence (Id. at 13-14). It therefore cannot be said that counsel's representation of petitioner at sentencing "fell below an objective standard of reasonableness," or that even if it was unreasonable, that "but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694.

For these reasons, the court GRANTS respondent's motion for summary judgment with regard to petitioner's claim that he received ineffective assistance of counsel during his sentencing hearing.

C.  Certificate of Appealability

The court must now determine whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of

appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

After reviewing the claims presented in the petition in light of the applicable standard, the court finds that petitioner has failed to meet the requirements for a certificate of appealability. The court properly dismissed petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and petitioner failed to make a "substantial showing" of the denial of a constitutional right. Reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the reasons given, the court GRANTS respondent's motion for summary judgment (DE #90), and DISMISSES petitioner's motion to vacate (DE #76). The certificate of appealability is DENIED. The Clerk is DIRECTED to close this case.

SO ORDERED, this the 7th day of October, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge